ELISHA WELLS *vs.* ELBRIDGE G. BRIGHAM.

A draft for a sum certain, payable generally and unconditionally, in which the drawer, the drawee, and the payee are named, is a cash draft or inland bill of exchange, although it states the same to be due for property bought by the drawer of the drawee, and is not payable to order.

A cash draft accepted may be given in evidence under a count for money had and received, in an action by the payee against the acceptor.

A statement by the drawee of a draft, that he has accepted it, but will not be able to pay it, until he gets returns from certain goods, is not a conditional acceptance, but evidence that the draft has been previously accepted and is now due

THIS was an action of assumpsit, tried before *Byington,* J., in the court of common pleas, by the plaintiff, as the payee, against the defendant, as the drawee and acceptor of a draft drawn by one George Clay, dated the 2d of January, 1848, of which the following is a copy : — " Mr. Brigham, Dear Sir : You will please pay Elisha Wells $30, which is due me for the two-horse wagon bought last spring, and this may be your receipt." The plaintiff declared on the common counts, and filed the draft as a bill of particulars. The defendant objected to the giving of the draft in evidence under the common counts; also that the draft did not, on the face of it, import a consideration between the payee and the drawer; and, that the plain-

tiff must prove such consideration affirmatively. But the judge overruled these objections.

The plaintiff, to prove an acceptance of the order by the defendant, introduced evidence, that in September, 1848, the plaintiff, without exhibiting any order, asked the defendant if it would be convenient to pay "that order" to-day, and that the defendant said he could not then, but would as soon as he got returns from his brooms; and that in the January following the plaintiff asked the defendant if he did not accept "that order," and agree to pay it, and the defendant admitted that he did.

The defendant objected that this evidence was not sufficient to prove a presentment for acceptance or payment, but the judge ruled that from it the jury might infer a due presentment.

The defendant also contended that if any acceptance was proved, it was shown by the same evidence to be conditional, and that the plaintiff must prove that the condition had been fulfilled. And the judge ruled that if the acceptance was conditional, the plaintiff must prove performance of the condition; but that the jury might infer it from the evidence in the case. The jury found a verdict for the plaintiff, and the defendant excepted.

*C. P. Huntington* and *W. Griswold*, for the defendant.

*D. Aiken*, for the plaintiff.

SHAW, C. J. This is assumpsit by the payee against the acceptor, on a draft for $30, drawn by one George Clay upon the defendant, payable to the plaintiff. The first question is, whether this is a cash draft, or inland bill of exchange; if it is, the nature of the draft answers most of the questions which have been discussed. It is not payable to the order of the payee, but that is not essential to make it a bill of exchange. *The King* v. *Box*, 6 Taunt. 325. The parties are all specially named, the drawer, the drawee, and the payee. The draft is payable at a time fixed, to wit, on demand; on no contingency or condition, but absolutely; for a sum certain, out of no special fund, but by the drawee generally. The fact, that the draft indicates a debt due to the drawer as the consideration, be-

tween drawer and drawee, does not make it the less a cash order or draft. The drawee, by his acceptance, admits such debt, and is estopped to deny it, as against the payee. It seems to us, therefore, that this document possesses the characteristics of a cash draft, and upon a general acceptance thereof, which may be by parol, binds the drawee to the holder. The acceptor has no right to require proof of consideration, as between the drawer and the payee; the draft itself is proof of the holder's title. The statement of the origin of the debt, the purchase of a wagon, did not make it the less payable absolutely, and at all events, and not conditionally or out of a particular fund. *Hausoullier* v. *Hartsinck*, 7 T. R. 733.

This being a cash draft accepted, we are of opinion, that it may be given in evidence on a count for money had and received. The acceptance is an admission, that the drawee has funds of the drawer, which, at his request, the drawee, by his acceptance, holds to the use of the payee.

The apology by the defendant, for not paying the draft, and stating that he would not be able to pay it, till he got returns from his brooms, did not constitute a conditional acceptance; it was not the act relied on as an acceptance. It was evidence, by the drawee's admission, that it had been previously accepted and was then due, which was proper for the jury.